IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Carl Kirksey,                           :        CIVIL ACTION
      Petitioner                     :
                                 :
                                 :
                                 :
Philip L.  Johnson, et al.,             :        02-CV-3002
      Respondents                    :

## REPORT AND RECOMMENDATION

JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

      Before the court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28

U.S.C. § 2254.  Petitioner, Carl Kirksey, is currently incarcerated at the State Correctional

Institution at Pittsburgh, Pennsylvania.  For the reasons set forth below, this court recommends

that the petition be DENIED with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

      On October 22, 1986, following a jury trial in the Court of Common Pleas of Delaware

County, Kirksey was convicted of second-degree murder, robbery, criminal conspiracy, and

possessing an offensive weapon.  He was sentenced to life imprisonment for the murder

conviction, and a consecutive term of three (3) to six (6) years' imprisonment on the remaining

convictions.  The Superior Court of Pennsylvania affirmed the judgment of sentence on April 6,

1988.  Commonwealth v.  Kirksey, 544 A.2d 1042 (Pa. Super. 1988) (table).  The Supreme Court

of Pennsylvania denied allowance of appeal on November 9, 1988.  Commonwealth v.  Kirksey,

552 A.2d 250 (Pa. 1988) (table).

      On December 27, 1988, Kirksey filed a petition for collateral review under

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541 *et seq*. Counsel was appointed, and an evidentiary hearing was held. The PCRA court denied relief. The Superior Court of Pennsylvania affirmed the order of the PCRA court on March 1, 1990. Commonwealth v. Kirksey, 576 A.2d 1134 (Pa. Super. 1990) (table). The Supreme Court of Pennsylvania denied allowance of appeal on July 25, 1990. Commonwealth v. Kirksey, 581 A.2d 569 (1990) (table).

In September, 1995, Kirksey filed a second petition for collateral relief and counsel was appointed. After reviewing the record, PCRA counsel determined that there were no issues of arguable merit and submitted a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), seeking permission to withdraw from the case. Kirksey's petition was dismissed without a hearing on August 17, 1998. Kirksey did not appeal.

On August 16, 1999, represented by privately retained counsel, Kirksey filed his third PCRA petition. The Commonwealth filed a motion to dismiss in which it asserted that the petition was untimely. The PCRA court dismissed the petition as untimely on May 12, 2000.

Represented by new counsel, Kirksey filed a timely appeal to the Superior Court. The Superior Court affirmed the order of the PCRA court on May 16, 2001. Kirksey did not seek further review in the Pennsylvania Supreme Court.

The instant petition for a writ of *habeas corpus*, signed and dated May 14, 2002, was filed in this court on May 20, 2002. Kirksey claims that: 1) trial counsel was ineffective; 2) his conviction was obtained through the use of a coerced confession; and 3) the prosecution failed to disclose evidence favorable to Kirksey. On March 20, 2002, the Commonwealth filed its response asserting that the instant petition must be dismissed.

2

<u>DISCUSSION</u>

Federal *habeas* review is precluded where the petitioner does not satisfy the applicable

period of limitations.  Specifically, 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of *habeas*
> *corpus* by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion
>> of direct review or the expiration of the time for seeking such
>> review;
>>
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of
>> the United States is removed, if the applicant was prevented from
>> filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral appeal; or
>>
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.

§ 2244(d)(2).

Following the enactment of this one-year period of limitations, the Third Circuit Court of

Appeals interpreted this amendment to provide for a "one year grace period" following its

effective date of April 24, 1996.  <u>See</u> <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998)

("applying § 2244(d)(1) to bar the filing of a *habeas* petition before April 24, 1997, where the

prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive"). As a result, a petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal *habeas corpus* relief before April 24, 1997.

Kirksey's judgment of sentence became final on February 9, 1989, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time for filing a petition for a writ of *certiorari* expired. <u>Kapral v. United States</u>, 166 F.2d 565, 575 (3d Cir. 1999). Because his judgment of sentence was final prior to the enactment of the limitations period, Kirksey was required to file his petition for a writ of *habeas corpus* on or before April 23, 1997. Kirksey did not file the instant petition until May 14, 2002, more than five years after the expiration of the grace period. Thus, this petition is untimely and must be dismissed unless Kirksey can establish that the grace period was tolled through May 14, 2002.

The limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one that is "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir. 1998). Here, Kirksey's first petition for collateral review was concluded in July, 1990, well before the enactment of the limitations period. His second petition was filed in September, 1995, and remained pending through September 16, 1998, thirty (30) days after the PCRA court dismissed Kirksey's petition, because he did not file an appeal in the Pennsylvania Superior Court. <u>See</u> Pa. R.A.P. 903(a) (notice of appeal must be filed within thirty days of judgment of sentence). Thus, the limitations period did not begin to run until September 16, 1998, and Kirksey was required to file for *habeas* relief on or before September 15, 1999.

4

Although Kirksey filed his third PCRA petition on August 16, 1999, within the one year limitations period, it was dismissed as untimely.  As a result, it cannot be considered "properly filed" and did not toll the limitations period.  As set forth above, only "the time during which a properly filed application for State post-conviction or other relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Lovasz, 134 F.3d at 148; see also Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999) (state post-conviction petition dismissed on grounds of untimeliness does not toll statute of limitations).

Even if the third PCRA petition were to toll the limitations period, it would only extend it for one month, the amount of time left of the limitations period when the petition was filed. Kirksey's third PCRA petition was dismissed by the Superior Court on May 16, 2001.  Adding thirty days for the time in which he could have sought review in the Pennsylvania Supreme Court, and the thirty days remaining in the limitations period, the instant *habeas* petition would have to have been filed on or before July 16, 2001 to be timely.  This petition was docketed May 20, 2002, and the earliest date this petition could be deemed to have been filed is May 14, 2002, the date Kirksey signed it.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").  Under either circumstance, this court is constrained to conclude that the instant *habeas* petition is untimely.

Further, this court must conclude that Kirksey does not satisfy any of the exceptions to the period of limitations set forth in § 2244(d)(1)(B)-(D).  Kirksey does not allege any state action that prevented him from filing his petition.  He does not assert any claim that relies on a new rule

of retroactively applicable constitutional law.  Moreover, the factual predicates upon which his claims are based concern events that took place during his trial proceedings and were discoverable in the exercise of due diligence.

Finally, Kirksey does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling.  See Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998) (petitioner must show that he exercised reasonable diligence in bringing his claims; mere excusable neglect is not sufficient.)

Having determined that this petition is untimely and fails to meet any exception to the limitations period of § 2244(d)(1), this court makes the following:


R E C O M M E N D A T I O N


AND NOW, this              day of September, 2002,  IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of *habeas corpus* be DENIED with prejudice.  It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


_____
JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


Carl Kirksey,                             :        CIVIL ACTION
      Petitioner                   :
                                          :
                                          :
                                          :
Philip L.  Johnson, et al.,               :        02-CV-3002
      Respondents                  :

_____ORDER_____

MICHAEL M.  BAYLSON, J.

      AND NOW, this            day of                        , 2002, upon careful and

independent consideration of the petition for a writ of *habeas corpus*, and after review of the

Report and Recommendation of Chief United States Magistrate Judge James R. Melinson, IT IS

ORDERED that:

     1.  The Report and Recommendation is APPROVED and ADOPTED.

     2.  The petition for a writ of *habeas corpus* is DENIED with prejudice.

     3.  There is no probable cause to issue a certificate of appealability.

     4.  The Clerk of the Court shall mark this case closed for statistical purposes.


BY THE COURT:


_____
                            MICHAEL M.  BAYLSON, J.
_____